IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher James Cullins, a/k/a<br>Christopher James Cullins, Jr.<br><br>    Plaintiff,<br><br>    v.<br><br>Officer Cussandra Wilson, Officer K.<br>Graham and Officer A. Lewis/Evans,<br><br>    Defendants. | C/A No. 2:12-cv-1982-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending this Court grant Defendant Wilson's and Defendants Officer K. Graham and Officer A. Lewis/Evans' motions for summary judgment. (Dkt No. 68). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Christopher James Cullins ("Plaintiff"), a state prisoner proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his Constitutional rights. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to a United States Magistrate Judge for all pretrial proceedings. Plaintiff named as defendants Officer Cussandra Wilson ("Wilson"), Officer K. Graham, and Officer A. Lewis/Evans. (Dkt. No. 1). Both Wilson and Defendants[1] filed motions for summary judgment on December 18, 2012, (Dkt. Nos. 45 and 46) and Plaintiff filed a response on March 18, 2013. (Dkt. No. 63). Wilson then filed a reply on March 28, 2013. (Dkt. No. 64). The Magistrate Judge issued an R&R on May 16, 2013, recommending that this Court grant Wilson's and

---

[1] The term "Defendants" refers to Officer K. Graham and Officer A. Lewis/Evans collectively.

1

Defendants' motions for summary judgment. (Dkt. No. 68). Plaintiff failed to file any written objections to the Magistrate Judge's R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Law/Analysis

After the review of the record and the R&R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court.

In Plaintiff's First Amendment claim against Wilson, Plaintiff contends that Wilson used verbally abusive language against him. (Dkt. No. 1-1 at 4). However, abusive language does not give rise to a cause of action under § 1983. *See, e.g., Batista v. Rodriguez*, 702 F.2d 393, 398

2

(2d Cir. 1983); *Cameron v. Bonney*, No. 12-7836, 2013 WL 1800423 (4th Cir. Apr. 30, 2013). The Magistrate Judge correctly noted that even if Wilson used offensive language against Plaintiff, Wilson is entitled to summary judgment on Plaintiff's First Amendment Claim. (Dkt. No. 68 at 9).

Plaintiff also brings an excessive force claim against Wilson alleging she physically abused him by striking him in the neck with her hand intending to cause harm. (Dkt. No. 1-1 at 4). The Due Process Clause of the Fourteenth Amendment governs excessive force claims of a pre-trial detainee. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). To succeed, a plaintiff must show that a defendant "inflicted unnecessary and wanton pain and suffering." *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir. 1998), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Wilson's corroborated testimony and evidence reveal that Plaintiff failed to comply with Wilson's orders when Plaintiff proceeded in an aggressive manner towards Wilson. (Dkt No. 45). Wilson used an open hand to strike Plaintiff when he came within her reactionary gap, which is a minimum of six feet. (*Id.*). Plaintiff did not suffer substantial injury. (*Id.*). The minimal force applied in good faith because Plaintiff was non-compliant did not exceed training guidelines or amount to a constitutional violation.

Plaintiff further alleges Wilson and Defendant Graham conspired to "cover up the incident." (Dkt. No. 1-1 at 5). To establish a civil conspiracy under § 1983, the plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff failed to provide sufficient facts to establish that Wilson and Defendant Graham conspired against him, because

no evidence suggests that an "overt act" was carried out or that Wilson acted "in concert" with Defendants.

Plaintiff alleges Wilson and Defendants placed him in segregation after "the incident" without due process. (Dkt. No. 1-1 at 6). Plaintiff has a due process right against restrictions that amount to punishment, *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), however, "prison officials are entitled to impose upon a detainee whatever restrictions or disabilities are reasonably necessary to ensure the internal security of the institution." *Brogsdale v. Barry*, 926 F.2d 1184, 1190 (D.C. Cir. 1991). Neither Defendants nor Wilson were involved in Plaintiff's detention; furthermore, Plaintiff was only temporarily placed in segregation to prevent him from inflicting harm. (Dkt. Nos. 1-1 at 6 and 45). Plaintiff failed to plead any factual allegations supporting a reasonable inference that Wilson or Defendants acted to "punish" Plaintiff.

Plaintiff alleges Defendant Graham failed to protect him when "the incident" with Wilson occurred. (Dkt. No. 1-1 at 5). The *Farmer v. Brennan*, 511 U.S. 825 (1994), test requires the defendant's failure to protect to have caused "serious injury" to the plaintiff. Plaintiff bases this claim on the fact that Defendant Graham did not initially supply Plaintiff with Wilson's name when he asked "[w]ho is that lady that hit me?" Plaintiff's allegations, therefore, do not satisfy *Farmer* because there is no risk of serious injury.

Plaintiff claims Defendant Evans failed to take disciplinary against Wilson for her role in the altercation. (Dkt. No. 1-1 at 6). However, Defendant Evans had no duty to discipline Wilson or to evaluate Wilson's conduct and thus she is entitled to summary judgment on this claim.

Additionally, Wilson and Defendants assert that they are entitled to qualified immunity from all claims. (Dkt. Nos. 45 and 46). Governmental officials are entitled to qualified immunity from liability for civil damages in performing discretionary functions where "their

4

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). The Magistrate Judge correctly noted that Wilson and Defendants should be entitled to qualified immunity on all claims, because Plaintiff failed to make the requisite showing that his Constitutional rights were violated.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 68). Accordingly, the Court GRANTS Wilson's and Defendants' motions for summary judgment. (Dkt. Nos. 45 and 46).

**AND IT IS SO ORDERED.**

                                                              _____
                                                              Richard Mark Gergel
                                                              United States District Judge

June 13, 2013
Charleston, South Carolina